1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  E-mail: jmeer@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
4  Facsimile:    (310) 551-8324

5  SEYFARTH SHAW LLP
   Brandon R. McKelvey (SBN 217002)
6  Email:  bmckelvey@seyfarth.com
   Julie G. Yap (SBN 243450)
7  Email:  jyap@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California  95814-4428
   Telephone:    (916) 448-0159
9  Facsimile:    (916) 558-4839

10 Attorneys for Defendants
   C&S WHOLESALE GROCERS, INC. and
11 TRACY LOGISTICS LLC

12              UNITED STATES DISTRICT COURT

13            EASTERN DISTRICT OF CALIFORNIA

14

15 CASEY CAGLE; an individual,          Case No. 2:13-CV-02134-GEB-EFB

16              Plaintiff,              **MEMORANDUM OF POINTS IN
                                        SUPPORT OF DEFENDANTS'
17      v.                             MOTION FOR JUDGMENT ON THE
                                        PLEADINGS**
18 C&S WHOLESALE GROCERS, INC., a
   Vermont corporation; TRACY LOGISTICS,  Date:       November 18, 2013
19 LLC, an unknown business entity; and DOES  Time:       9:00 a.m.
   1 through 100, inclusive,           Crtrm:      10, 13th Floor
20
                Defendants.            Before The Hon. Garland E. Burrell, Jr.
21

22

23

24

25

26

27

28

---

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS

16307834v.216298021v.1

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ....................................................... 1

III.  STANDARD OF REVIEW ........................................................................... 3

IV.   PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF JUDICIAL
      ESTOPPEL BECAUSE HE FAILED TO DISCLOSE THEM IN HIS
      BANKRUPTCY PROCEEDINGS. ................................................................ 4

      A.   Plaintiff's Position Is Clearly Inconsistent With His Representations In
           The Bankruptcy Court. ...................................................................... 6

      B.   Plaintiff Was Successful In Persuading The Bankruptcy Court He Had No
           Valuable Claims Against Defendants. ................................................ 9

      C.   Allowing Plaintiff To Proceed With His Claims Against Defendants
           Would Sanction A Fraud On The Bankruptcy Court And Give Plaintiff An
           Unfair Advantage. ............................................................................ 10

V.    CONCLUSION ............................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Ah Quin v. County of Kauai Dep't of Transp*,
  F.3d ---, 2013 WL 3814916 (9th Cir. July 24, 2013)............................................................6, 9

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) ...............................................................................................3

*Alexander v. Chakmakian*,
  No. CV 06-8257, 2012 WL 1319772 (Mar. 8, 2012) ...........................................................12

*Arruda v. C&H Sugar Co., Inc.*,
  No. 2:06-cv-2308 MCE EFB, 2007 WL 754627 (E.D. Cal. Mar. 8, 2007)...............6, 8, 11, 12

*Ash v. OneWest Bank, FSB*,
  No. Civ. S–09–974 FCD DAD, 2010 WL 2231972 (E.D. Cal. June 3, 2010) ........................11

*Balthrope v. Garcia-Mitchell*,
  No. 2:09-cv-1013, 2010 WL 430840 (E.D. Cal. Feb. 1, 2010) ...........................................5, 9

*Banuelos v. Waste Connections, Inc.*,
  No. 1:12-cv-1012 (E.D. Cal. Jan. 31, 2013) .........................................................................7

*Becker v. Wells Fargo Bank, NA*,
  Civ. No. 2:12-1742, 2012 WL 5187792 (E.D. Cal. Oct. 18, 2012).........................5, 9, 10, 11

*Cafasso, U.S. ex rel. v. Gen'l Dynamics C4 Sys., Inc.*,
  637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ...............................................................................3

*Caviness v. England*,
  No. Civ. S-04-2388 GEB DAD, 2007 WL 1302522 (E.D. Cal. May 2, 2007) ...............5, 8, 10

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ...............................................................................................4

*Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*,
  581 F.3d 1090 (9th Cir. 2009) ...............................................................................................4

*Flores v. GMAC Mortg.*,
  No. Civ. 2:09–CV–01216 GEB GGH, 2010 WL 582115 (E.D. Cal. Feb.11, 2010)...............11

*Geraci v. Homestreet Bank*,
  347 F.3d 749 (9th Cir. 2003) .................................................................................................4

*Granados v. Supervalu, Inc.*,
  No. LA CV 11-10175, 2012 WL 3562521 (C.D. Cal. Aug. 16, 2012)....................................7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.3d 1542 (9th Cir. 1990) (documents attached to the pleading) ......................................4

i

*Hamilton v. State Farm Fire & Casualty Co.*,
   270 F.3d 778 (9th Cir. 2001) ...........................................................5, 6, 7, 8, 10, 11

*Hay v. First Interstate Bank of Kalispell, N.A.*,
   978 F.2d 555 (9th Cir. 1992) ...............................................................................9

*HPG Corp. v. Aurora Loan Servs., LLC*,
   436 B.R. 569 (E.D. Cal. 2010)............................................................................10

*In re Brown*,
   363 B.R. 591 (Bankr. D. Mont. 2007) ...............................................................7, 8

*In re Coastal Plains*,
   179 F.3d 197 (5th Cir. 1999). ...........................................................................6, 11

*Kane v. Nat'l Union Fire. Ins. Co.*,
   535 F.3d 380 (5th Cir.2008) (per curiam).............................................................6

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011)..................................................................................4

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)..........................................................................................4, 5

*Rissetto v. Plumbers & Steamfitters Local 343*,
   94 F.3d 597 (9th Cir. 1996) ..................................................................................4

*Rose v. Beverly Health & Rehabilitation Servs., Inc.*,
   356 B.R. 18 (E.D. Cal. 2006), *aff'd* 295 Fed. Appx. 142 (9th Cir. 2008) ................7

*Russell v. Rolfs*,
   893 F.2d 1033 (9th Cir. 1990) ..............................................................................4

*Shokohi v. JP Morgan Chase Bank*,
   No. C 11-4947, 2011 WL 5412933 (N.D. Cal. 2011) ..........................................7

*Smith v. Rockett*,
   522 F.3d 1080 (10th Cir. 2008) ..........................................................................13

*Snead v. Aurora Loan Servs., LLC*,
   No. Civ S-12-0293, 2012 WL 3756887 (E.D. Cal. Aug. 28, 2012) .........................9

*United States v. Ibrahim*,
   522 F.3d 1003 (9th Cir. 2008) ..............................................................................5

*Wagner v. Prof'l Eng'rs in Cal. Gov't*,
   354 F.3d 1036 (9th Cir. 2004) ..............................................................................4

*Whaley v. Belleque*,
   520 F.3d 997 (9th Cir. 2008) ................................................................................4

*Wilson v. Dollar Gen. Corp.*,
   717 F.3d 337 (4th Cir. 2013) ..............................................................................13

ii

**FEDERAL STATUTES**

11 U.S.C. 541(a)(1) ............................................................................................................6

11 U.S.C. 1306(a)(1) ..........................................................................................................6

§ 541(a) (1) of the Bankruptcy Code .................................................................................6

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................3, 4

Federal Rule of Civil Procedure 12(c) .......................................................................1, 3, 4

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

16307834v.216298021v.1

## I.    INTRODUCTION

Through this Motion, Defendants C&S Wholesale Grocers, Inc. and Tracy Logistics LLC (collectively "Defendants") move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and request Plaintiff Casey Cagle's claims be dismissed on the grounds of judicial estoppel.  Plaintiff initiated a pending bankruptcy petition over three years ago.  During the pendency of the bankruptcy, he submitted numerous amended schedules and asked for multiple modifications of the confirmed Plan after falling behind on his payments.  However, at no time has Plaintiff disclosed the current litigation on any of his schedules.

Indeed, Plaintiff requested a modified Plan and submitted a declaration, signed under penalty of perjury, attesting to the accuracy of his Schedules, even *after* Plaintiff's counsel had requested records relating to this case from Defendants on Plaintiff's behalf.  Plaintiff's blatant disregard of his disclosure obligations and attempt to undermine the integrity of the bankruptcy system should not be tolerated.  As such, Plaintiff's complaint should be dismissed.

## II.    STATEMENT OF RELEVANT FACTS

On October 8, 2010 Plaintiff commenced Case No. 10-46860 in the United States Bankruptcy Court for the Eastern District of California.  The Chapter 13 case was filed on behalf of Plaintiff and Joanna Christine Cagle, as a Joint Debtor.  (*See* **Exhibit G** to the Request for Judicial Notice ("RJN") in Support of Notice of Removal [Doc. #1], filed Oct. 15, 2013; *see also* Notice of Removal [Doc. #1] ("NoR"), filed Oct. 15, 2013, ¶ 67.)

Plaintiff has never disclosed this pending lawsuit on any of his bankruptcy schedules or in any of his filings, even though his disclosure of a pending worker's compensation claim demonstrate he knew that he was required to do so.  On the form "SCHEDULE B - PERSONAL PROPERTY" submitted with the Chapter 13 Petition, Plaintiff and the Joint Debtor disclosed a worker's compensation claim under "Other contingent and unliquidated claims of every nature." (*See* **Exhibit H** to RJN; NoR ¶ 69.)  No claim against Defendants was listed on this Schedule. (*Id.*)

1

16307834v.2

1   On April 20, 2011, Plaintiff signed a declaration, under penalty of perjury, regarding the

2   conditions of his employment.  (*See* **Exhibit 1** to NoR; NoR ¶ 33.)  Plaintiff's declaration

3   provided that he understood that "a lawsuit exists against C&S Wholesale Grocers, Inc. and

4   Tracy Logistics LLC"—the same Defendants in this case—and that he "was specifically told that

5   [he] could participate in the lawsuit."  (*Id.* ¶ 2.)

6   Subsequently, Plaintiff and the Joint Debtor filed Amended Schedules, on April 25, 2011

7   ([Doc. #40] in Case No. 10-4680) and September 13, 2011 ([Doc. #60] in Case No. 10-4680).

8   (**Exhibit I** to RJN; NoR ¶ 70.)   No claim against Defendants was listed on either Amended

9   Schedule.  (*Id.*)  On January 30, 2012, in support of their Motion/Application to Confirm the

10   Chapter 13 Plan, Plaintiff and the Joint Debtor signed a declaration, under penalty of perjury,

11   attesting that they had listed all of their assets in Schedule B.  (**Exhibit J** to RJN; NoR ¶ 71.)

12   On May 9, 2012, Douglas Han, Esq., an attorney from The R. Rex Parris Law Firm,

13   attorneys of record for Plaintiff in this case, submitted a records request to Defendant, pursuant

14   to the California Labor Code, seeking: (1) Plaintiff's entire employee personnel file; (2) pay

15   stubs, wage stubs, and time records relating to Plaintiff; (3) business-related expense

16   reimbursements relating to Plaintiff; (4) any and all records that relate to Plaintiff's

17   compensation, time scheduled or worked, and other employment-related matters.[1]  The letter

18   attached an "Authorization for Release of Personnel File and Wage Records," signed by Plaintiff

19   and dated April 6, 2012.  (*See* **Exhibit 4** to NoR; NoR ¶ 72.)

20

21   [1]      At that same time, Plaintiff's counsel also represented a plaintiff in a putative class action, *DAVID TOMPKINS, individually, and on behalf of other members of the general public similarly situated, and on behalf of*

22   *aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") v. C&S Wholesale Grocers, Inc., a Vermont corporation; Tracy Logistics, LLC, an unknown business entity; and DOES 1 through 100, inclusive,"*

23   Case No. 34-2011-00096371.  Plaintiff was a putative member of this purported class.  (NoR ¶ 11.)
         Plaintiff's counsel has subsequently brought another putative class action, on behalf of the same putative

24   class, alleging identical claims, entitled "*Dennis Bicek, individually and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act*

25   *("PAGA") v. C&S Wholesale Grocers, Inc., a Vermont corporation; Tracy Logistics, LLC, an unknown business entity; and DOES 1 through 100, inclusive*", case number 2:13-cv-00411-MCE-KJN  (the "Bicek Action").  The Bicek Action is currently pending before the Honorable Morrison England.  (NoR ¶ 8.)

26      Subsequently, Plaintiff's counsel has filed at least five cases on behalf of at least thirteen individuals,

27   including, Plaintiff, who are putative members of the purported class.  All of these cases are now, or will be, pending in the United States District Court for the Eastern District of California.  Defendants have filed Notices of Related Cases in all actions currently pending in the Eastern District, including this one.  (*See* Notice of Related Case [Doc.

28   #2].)

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS

16307834v.2

1   Plaintiff still did not file an amended schedule listing a possible action against

2   Defendants.  Rather, on August 30, 2012, Plaintiff and the Joint Debtor filed a

3   Motion/Application to Modify Chapter 13 Plan, after falling behind on their Plan payments.

4   (**Exhibit K** to RJN; NoR ¶ 73.)  In support of the Motion/Application, Plaintiff and the Joint

5   Debtor signed a declaration, under penalty of perjury, attesting that they had listed all of their

6   assets in Schedule B.  (**Exhibit L** to RJN; NoR ¶ 73.)  The Bankruptcy Court granted the motion

7   and modified Plaintiff's Plan on October 9, 2012.  (*See* **Exhibit G** to RJN.)

8   On April 26, 2013, the Chapter 13 Trustee filed a Notice of Default and Application to

9   Dismiss based upon delinquent payments by Plaintiff and the Joint Debtor.  (*Id.*)  Plaintiff still

10   did not file an amended schedule listing a possible action against Defendants.  (*Id.*)

11   On July 22, 2013, Plaintiff filed a Complaint in Sacramento County Superior Court

12   entitled "*CASEY CAGLE, an individual v. C&S Wholesale Grocers, Inc., a Vermont*

13   *corporation; Tracy Logistics, LLC, an unknown business entity; and DOES 1 through 100,*

14   *inclusive,*"  Case No. 34-2013-00148383.  (**Exhibit A** to RJN.)  On August 2, 2013, the Chapter

15   13 Trustee filed another Notice of Default and Application to Dismiss based upon delinquent

16   payments by Plaintiff and the Joint Debtor.  (*See* **Exhibit G** to RJN.)  Plaintiff still did not file an

17   amended schedule listing a possible action against Defendants.  (*Id.*)

18   Defendant C&S was formally served with the Complaint on September 16, 2013.

19   (**Exhibit B** to RJN.)  Defendants C&S and Tracy filed their Answer to the Complaint in San

20   Joaquin County Superior Court on September 25, 2013, asserting the affirmative defense of

21   estoppel.  (**Exhibit C** to RJN.)  Defendants removed the case to this Court on October 15, 2013.

22   (*See* NoR.)

23   **III.   STANDARD OF REVIEW**

24   A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is

25   treated the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil

26   Procedure 12(b)(6).  *See Cafasso, U.S. ex rel. v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

27   1054 n.4 (9th Cir. 2011); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  A motion for

28

3

1    judgment on the pleadings "shall be granted when it appears that moving party is entitled to

2    judgment as a matter of law."  *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).

3           Similar to a Rule 12(b)(6) motion, in resolving a Rule 12(c) motion, the court may

4    consider (a) the pleadings on file in the case; (b) any documents attached to or mentioned in the

5    pleadings; (c) documents not attached, but "integral" to the claims; and (d) matters subject to

6    judicial notice.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (matters

7    of public record, facts susceptible to judicial notice, and documents incorporated by reference);

8    *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.3d 1542, 1555 (9th Cir. 1990)

9    (documents attached to the pleading); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419,

10   422 (2d Cir. 2011).

11   **IV.     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF**
             **JUDICIAL ESTOPPEL BECAUSE HE FAILED TO DISCLOSE**
12           **THEM IN HIS BANKRUPTCY PROCEEDINGS.**

13          Plaintiff is estopped from bringing his claims because his allegations here are inconsistent

14   with the representations he made to the Bankruptcy Court.  Throughout the over three year span

15   of his bankruptcy, Plaintiff has failed to disclose the pending litigation on his schedule, even

16   *after* his Complaint was filed.  Plaintiff cannot obtain the benefit of bankruptcy protection while

17   subverting the bankruptcy process by his blatant and continued nondisclosure.

18          Judicial estoppel, or the doctrine of preclusion of inconsistent positions, bars "a party

19   from gaining an advantage by taking one position, and then seeking a second advantage by

20   taking an incompatible position."  *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008)

21   (quoting *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)).  It is

22   "an equitable doctrine invoked by a court at its discretion," *New Hampshire v. Maine*, 532 U.S.

23   742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)), and "is intended

24   to protect the integrity of the judicial process by preventing a litigant from playing fast and loose

25   with the courts." *Whaley*, 520 F.3d at 1002 (quoting *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354

26   F.3d 1036, 1044 (9th Cir. 2004)); *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581

27

28

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS

16307834v.2

1   F.3d 1090, 1097 (9th Cir. 2009) (doctrine intended to prevent a party from gaining an advantage

2   by taking two incompatible positions).

3       In the bankruptcy context, a party is "judicially estopped from asserting a cause of action

4   not … mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm*

5   *Fire & Casualty Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).  Indeed, a litigant may not hide a

6   "claim, which is a potential asset or source of income, from the bankruptcy court and creditors

7   by failing to list the . . . claim on the Statement of Financial Affairs or Schedule B and then bring

8   a suit on the same claim.  Otherwise, the litigant would gain a windfall by receiving the

9   protection of the bankruptcy court without having disclosed a potential asset while retaining the

10  possibility of a settlement or verdict" on the undisclosed claim.  *Caviness v. England*, No. Civ.

11  S-04-2388 GEB DAD, 2007 WL 1302522, at *10-11 (E.D. Cal. May 2, 2007).

12      As such, "[a] plaintiff who fails to fulfill this duty to inform the bankruptcy court of his

13  claims risks having those claims barred by judicial estoppel." *Becker v. Wells Fargo Bank, NA*,

14  Civ. No. 2:12-1742, 2012 WL 5187792, at *3 (E.D. Cal. Oct. 18, 2012).  Furthermore, the

15  doctrine of judicial estoppel applies equally to proceedings under Chapter 13.  *See Hamilton*, 270

16  F.3d at 783 ("In the bankruptcy context, a party is judicially estopped from asserting a cause of

17  action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or

18  disclosure statements."); *see also Becker*, 2012 WL 5187792, at *4-*5; *Balthrope v. Garcia-*

19  *Mitchell*, No. 2:09-cv-1013, 2010 WL 430840 (E.D. Cal. Feb. 1, 2010); *Caviness*, 2007 WL

20  1302522.

21      In determining whether to apply the doctrine, Courts apply a three-part test: (1) whether a

22  party's later position is clearly inconsistent with its original position; (2) whether the party has

23  successfully persuaded the court of the earlier position; and (3) whether allowing the inconsistent

24  position would allow the party to derive an unfair advantage or impose an unfair detriment on the

25  opposing party.  *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting New

26  *Hampshire v. Maine*, 532 U.S. at 750-51).  All three elements are met here.

27

28

5

1

**A.     Plaintiff's Position Is Clearly Inconsistent With His
Representations In The Bankruptcy Court.**

2

3     Plaintiff's position in this litigation, by its very existence, is inconsistent with his

4  continued, sworn representations in his bankruptcy proceedings regarding the accuracy of his

5  disclosures of assets.  As set forth above, Plaintiff not only failed to supplement his schedules to

6  include this litigation, but rather affirmatively testified to the accuracy of his schedules even after

7  associating with Plaintiff's counsel.

8     Section 541(a) (1) of the Bankruptcy Code provides that at the time of commencement of

9  the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the

10  debtor." 11 U.S.C. 541(a)(1). This "includ[es] causes of action belonging to the debtor at the

11  commencement of the bankruptcy case." *Kane v. Nat'l Union Fire. Ins. Co.,* 535 F.3d 380, 385

12  (5th Cir.2008) (per curiam).  In Chapter 13, the bankruptcy estate also includes claims which are

13  acquired "after the commencement of the case but before the case is closed, dismissed, or

14  converted."  11 U.S.C. 1306(a)(1).  Therefore, the Bankruptcy Code subjects debtors to a

15  "continuing duty to disclose all pending and potential claims." *Kane,* 535 F.3d at 384-85;

16  *Hamilton,* 270 F.3d at 785 ("The debtor's duty to disclose potential claims as assets does not end

17  when the debtor files schedules, but instead continues for the duration of the bankruptcy

18  proceeding."); *see In re Coastal Plains, Inc.,* 179 F.3d 197, 207 (5th Cir. 1999). *"[T]he integrity*

19  *of the bankruptcy system depends on full and honest disclosure by debtors of all their assets."*

20  *Hamilton,* 270 F.3d at 785 (*quoting In re Coastal Plains,* 179 F.3d at 208) (emphasis in original).

21     "The courts will not permit a debtor to obtain relief from the bankruptcy court by

22  representing that no claims exist and then subsequently to assert those claims for his own benefit

23  in a separate proceeding." *Id.*  This is because "full disclosure in bankruptcy is essential to the

24  functioning of the bankruptcy system."  *Ah Quin v. County of Kauai Dep't of Transp*, F.3d ---,

25  2013 WL 3814916 (9th Cir. July 24, 2013); *accord Arruda v. C&H Sugar Co., Inc.*, No. 2:06-cv-

26  2308 MCE EFB, 2007 WL 754627 (E.D. Cal. Mar. 8, 2007) ("The integrity of the bankruptcy

27  system relies on full disclosure of all assets, including potential but unlitigated claims.  Plaintiff

28

6

1   is therefore judicially estopped from maintaining [his] discrimination claims in the Court because

2   of his failure to inform the bankruptcy court of the claims now asserted in this action.").

3         Therefore, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough

4   facts to know that a potential cause of action exists during the pendency of the bankruptcy, but

5   fails to amend his schedules or disclosure statements to identify the cause of action as a

6   contingent asset." *Hamilton*, 270 F.3d at 785. *See Granados v. Supervalu, Inc.*, No. LA CV 11-

7   10175, 2012 WL 3562521 (C.D. Cal. Aug. 16, 2012) (granting the defendants' motion to dismiss

8   the plaintiff's claims for discrimination and harassment claims against his employer because

9   such claims were not disclosed and the plaintiff had sufficient factual knowledge of his own

10   allegedly discriminatory working conditions at the time of his employment, during the pendency

11   of the bankruptcy); *Rose v. Beverly Health & Rehabilitation Servs., Inc.*, 356 B.R. 18 (E.D. Cal.

12   2006) (affirming district court's grant of motion to dismiss the plaintiff's discrimination claims

13   against her employer because she had failed to disclose the claim even though she knew of the

14   facts giving rise to her claims and had requested a right to sue letter from the DFEH at the time

15   she filed for bankruptcy), *aff'd* 295 Fed. Appx. 142 (9th Cir. 2008); *see also In re Brown*, 363

16   B.R. 591, 608-11 (Bankr. D. Mont. 2007) (holding that class member debtors had knowledge of

17   individual actions based upon pendency of putative class action and therefore, individual actions

18   should have been listed on their schedules).

19         The facts and events underlying Plaintiff's claims allegedly occurred between September

20   2010 and May 2011, when he was employed as a warehouse supervisor at the Stockton facility.

21   (Exh. A to RJN, ¶ 14); *see Banuelos v. Waste Connections, Inc.*, No. 1:12-cv-1012 (E.D. Cal.

22   Jan. 31, 2013) (noting that the plaintiff had knowledge of enough facts to know of his potential

23   employment causes of action against his former employer at the time of termination and should

24   have disclosed those causes of action during the bankruptcy proceedings); *Shokohi v. JP Morgan*

25   *Chase Bank*, No. C 11-4947, 2011 WL 5412933, at *2 (N.D. Cal. 2011) (applying judicial

26   estoppel and granting motion to dismiss where the plaintiff was aware of the *factual*, if not the

27   legal, basis of claim). Plaintiff initially filed a voluntary petition for Chapter 13 bankruptcy on

28

7

1  October 8, 2010, and did not list his claims in this case as an asset.  (*See* Exh. G to RJN, Doc.

2  #1.)

3      Plaintiff subsequently filed amended bankruptcy schedules and an amended bankruptcy

4  plan on April 25, 2011; this claim was not listed as a potential asset in any of these documents.

5  (*See* Exh. G to RJN, Doc. ## 40-44.)  Such non-disclosure was no mistake, as Plaintiff had only

6  five days before signed a declaration, under penalty of perjury, stating that he was specifically

7  told he could participate in the lawsuit then pending against Defendants in this case.  (Exh. 1 to

8  NoR.)  Plaintiff again subsequently filed amended bankruptcy schedules and an amended

9  bankruptcy plan on September 13, 2011; this claim was not listed as a potential asset in any of

10  these documents.  (*See* Exh. G to RJN, Doc. ## 57-62.)  On January 30, 2012, Plaintiff moved to

11  confirm a third modified Plan, after falling behind on payments; this claim was not listed as a

12  potential asset in any of the supporting documents.  (*See* Exh. G to RJN, Doc. ## 75-78.)  Rather,

13  Plaintiff swore to the accuracy of the assets set forth in Schedule B.  (Exh. J to RJN.)

14      Finally, on August 30, 2012, Plaintiff moved to modify the Plan yet again; and, once

15  again, this claim was not listed as a potential asset in any of the supporting documents, but rather

16  Plaintiff swore to the accuracy of the assets set forth in Schedule B.  (Exh. L to RJN); *see*

17  *Caviness*, 2007 WL 1302522, at *12-13 (holding that "the balance of the equities [tipped]

18  sharply in favor of application of judicial estoppel where the debtor amended his schedules four

19  times without disclosing his claims).  Again, such nondisclosure was no mistake, as Plaintiff's

20  counsel had already requested documents relating to the claims alleged in this case from

21  Defendants, on Plaintiff's behalf, months earlier.  (*See* Exh. 4 to NoR); *Arruda*, 2007 WL

22  754627, at *6 (holding that the omission of a claim was not a mistake because he was aware of

23  two complaints filed with and two right to sue notices issued by the DFEH).

24      Furthermore, even if Plaintiff attempts to assert that he did not learn of the facts leading

25  to his claims for relief until the day he filed the Complaint, July 22, 2013,[2] he had a duty to

26  _____

27  [2] Such a contention is plainly belied by the facts and the record properly before the Court on this motion.  Plaintiff's counsel sent a records request to Defendants on behalf of Plaintiff in May 2012, almost a year before the filing of this Complaint.  At the very least, the debtor had "knowledge of enough facts to know that a potential cause of

28  action exists during the pendency of the bankruptcy."  *Hamilton*, 270 F.3d at 785; *see also In re Brown*, 363 B.R.

8

1   disclose the cause of action as an asset in his bankruptcy proceeding once he became aware of

2   the claim.  He has failed to do so.  *See Becker*, 2012 WL 5187792, at *4 (dismissing Complaint

3   on the basis of judicial estoppel where debtor failed to disclose his claim and the bankruptcy

4   proceeding had not been closed dismissed, or converted); *Balthrope*, 2010 WL 430840 (same);

5   *cf. Ah Quin*, 2013 WL 3814916 (declining to apply judicial estoppel where the plaintiff's

6   attorney notified defendants of pending bankruptcy, the debtor had disclosed money owed to her

7   counsel in her civil case on her schedules, and the plaintiff moved to reopen her bankruptcy case

8   prior to the filing of the defendant's motion based on judicial estoppel).  Such failure is

9   particularly glaring in light of the evidence that Plaintiff knew he was required to disclose

10  potential lawsuits, as evidenced by the disclosure of the worker's compensation lawsuit on

11  Schedule B of his original voluntary petition.  (*See* Exh. H to RJN.)

12         As such, Plaintiff's position in this case and in the bankruptcy proceeding are clearly

13  inconsistent.  *See Becker*, 2012 WL 5187792, at *4 ("By failing to list his potential claims in the

14  bankruptcy schedules, and now attempting to sue under these same causes of action, plaintiff has

15  adopted a clearly inconsistent position."); *see also Snead v. Aurora Loan Servs., LLC*, No. Civ S-

16  12-0293, 2012 WL 3756887, at *4 (E.D. Cal. Aug. 28, 2012).

17         **B.    Plaintiff Was Successful In Persuading The Bankruptcy Court**
                    **He Had No Valuable Claims Against Defendants.**
18

19         In this case, the Bankruptcy Court has relied upon and accepted Plaintiff's previously

20  inconsistent positions on at least four (4) occasions, confirming and modifying the Plan based on

21  incomplete and erroneous information.  On three of these occasions, according to the Plaintiff's

22  own filings, the Plan was modified after Plaintiff fell behind on his payments.

23         A bankruptcy court accepts a position when it approves the debtor's bankruptcy plan.

24  *Becker*, 2012 WL 5187792, at *4; *Balthrope*, 2012 WL 5187792, at *4; *see also Hay v. First*

25  *Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (confirmation of a plan

26  constituted sufficient acceptance for purposes of applying judicial estoppel).  A permanent

27

28  591, 608-11 (Bankr. D. Mont. 2007) (holding that class member debtors had a duty to disclose putative class action
    on bankruptcy schedules).

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS

16307834v.2

1    discharge of debts is not required to establish such acceptance.  For instance, in *Hamilton*, the

2    court held judicial estoppel applied to bar subsequent litigation of claims that were not disclosed

3    in bankruptcy even though the bankruptcy discharge was later vacated.  270 F.3d at 785.  In fact,

4    a bankruptcy court may "accept" a petitioner's representations in many ways short of a discharge

5    of debt.  *Id.* at 784 (citing cases where doctrine was applied pre-discharge); *HPG Corp. v.*

6    *Aurora Loan Servs., LLC,* 436 B.R. 569, 578 (E.D. Cal. 2010) (finding it sufficient for the

7    application of judicial estoppel that plaintiffs received the benefit of automatic stays, even

8    though bankruptcy cases were dismissed); *see also Caviness v. England*, 2007 WL 1302522,

9    *12-13 (E.D. Cal. 2007) (applying judicial estoppel where plaintiff obtained benefit of

10   bankruptcy stay without ultimate discharge).

11          In this case, Plaintiff's Plan was first confirmed on February 1, 2011.  The First Modified

12   Plan was confirmed on June 30, 2011, the Second Modified Plan was confirmed on December

13   14, 2011, the Third Modified Plan was confirmed on June 19, 2012, and the Fourth Modified

14   Plan was confirmed on November 7, 2012.  As such, "the bankruptcy court accepted plaintiff's

15   earlier assertion that he had no claims [against Defendants] when it confirmed" his original and

16   amended Chapter 13 plans.  *Becker*, 2012 WL 5187792, at *4 ("Plaintiff's failure to disclose not

17   only tainted the bankruptcy court's decision to approve the plan, but a debtor's bankruptcy

18   schedules must also be as accurate as possible because creditors rely on the information provided

19   therein.")  (citations omitted).

20          C.      **Allowing Plaintiff To Proceed With His Claims Against**
                    **Defendants Would Sanction A Fraud On The Bankruptcy**
21                  **Court And Give Plaintiff An Unfair Advantage.**

22          Finally, Plaintiff would receive an unfair advantage—at the expense of the integrity of

23   the bankruptcy system—by pursuing these claims against the defendants after failing to disclose

24   them in his bankruptcy proceedings.  Plaintiff has received the benefit of multiple confirmed

25   Plans, including modified Plans with lesser payments, based on the representations made in his

26   bankruptcy case.

27

28
                                                   10
        MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
                                          THE PLEADINGS

1    The Court should invoke judicial estoppel here "to protect the integrity of the bankruptcy

2    process." *Hamilton*, 270 F.3d at 785.  Both the bankruptcy court and Plaintiff's creditors based

3    their actions on his disclosure statements and schedules. *Id.* at 784 (citing *In re Coastal Plains*,

4    179 F.3d at 206).  Plaintiff's failure to list his claims against Defendants as assets in his

5    bankruptcy schedule "deceived the bankruptcy court and [her] creditors, who relied on the

6    schedules to determine what action, if any, they would take in the matter." *Id.* In so doing, he

7    seeks "bankruptcy protection while subverting the bankruptcy process by nondisclosure."

8    *Becker*, 2012 WL 5187792, at *4 (quotations and citations omitted); *see also see also Ash v.*

9    *OneWest Bank, FSB,* No. Civ. S–09–974 FCD DAD, 2010 WL 2231972, at *3 (E.D. Cal. June 3,

10    2010) (estopping debtor in Chapter 13 bankruptcy from bringing claim after failing to list claim

11    in bankruptcy schedule); *Flores v. GMAC Mortg.,* No. Civ. 2:09–CV–01216 GEB GGH, 2010

12    WL 582115, *2–*4 (E.D. Cal. Feb.11, 2010) (applying judicial estoppel to preclude claim by the

13    plaintiff because claim not disclosed in bankruptcy schedules).

14    This Court has dismissed, with prejudice, similar cases on the basis of judicial estoppel.

15    *See Arruda*, 2007 WL 754627.  In *Arruda v. C&H Sugar Co., Inc.*, like in this case, the plaintiff

16    brought a claim arising out of his employment with the defendants, alleging that he was

17    impermissibly terminated based on his mental disability in late 2004.  *Id.* at *1.  Prior to filing

18    for bankruptcy in October 2005, the plaintiff filed two Complaints with the DFEH and received

19    two right to sue notices.  The plaintiff did not list any contingent or non-liquidated claims of any

20    nature on his bankruptcy schedules.  However, during the meeting of creditors, the plaintiff

21    informed the trustee of his potential wrongful termination claim, but not his claims for disability

22    discrimination, the Family Medical Leave Act, or the California Family Rights Act.  Within

23    weeks of discharge of his debts in the bankruptcy case on January 4, 2006, the plaintiff

24    commenced his civil suit.  As in this case, the defendants moved to dismiss.

25    This Court concluded that Plaintiff was judicially estopped from bringing his claims

26    because he failed to list them on his bankruptcy schedule.  The Court held that Plaintiff had

27    sufficient knowledge of his claims prior to and during the pendency of the bankruptcy case, but

28

11

1  failed to comply with his continuing duty to disclose all assets.  Moreover, the Court held that

2  notice to the bankruptcy trustee was insufficient and that the facts alleged in the Complaint and

3  in the underlying bankruptcy proceedings demonstrated that the failure to disclose was not a

4  mistake.

5         The facts in this case are similar to the facts before the Court in *Arruda* and thus, support

6  the application of judicial estoppel.  Like in *Arruda*, the factual basis of the claim was known to

7  Plaintiff prior to the filing of bankruptcy, as the claims in this case are based purely on the

8  conditions and duties of Plaintiff's employment.  Like in *Arruda*, Plaintiff has wholly failed to

9  disclose his claims in the bankruptcy case, despite receiving the benefits of bankruptcy

10 protection, including, to date, confirmation of the Plan and three subsequent amendments.  Like

11 in *Arruda*, Plaintiff's omission was not a mistake, as Plaintiff knew he was required to disclose

12 lawsuits as an asset and disclosed a workers' compensation lawsuit on his schedules.  However,

13 unlike in *Arruda*, Plaintiff has had three years to amend his bankruptcy schedules to include the

14 claims, but failed to do so.  Moreover, unlike in *Arruda*, there is no indication that Plaintiff ever

15 informed the trustee of his potential claims raised in this case.  Therefore, because the key facts

16 in this case are similar, if not more compelling, than the facts in *Arruda*, defendants respectfully

17 request that the Court apply the doctrine of judicial estoppel.

18        This court has previously observed that "[w]hile it may appear that the application of

19 judicial estoppel is harsh or unfair, the integrity of the bankruptcy system and judicial comity is

20 more important than any single case, including this one."  *Arruda*, 2007 WL 754627, at *6.

21 Allowing Plaintiff to assert his claims based on his employment, which he has failed to disclose

22 at any point during a bankruptcy proceeding—that was filed after his employment began and has

23 been pending for over three years—would "subvert the important goal" of ensuring "full and

24 honest disclosure by debtors of their assets"  *Alexander v. Chakmakian*, No. CV 06-8257, 2012

25 WL 1319772, at *3 (Mar. 8, 2012).

26

27

28

12

1    As a result, Plaintiff should be judicially estopped from pursuing the present action.[3]

2  **V.    CONCLUSION**

3    For the foregoing reasons, Defendants request the Court grant their motion for judgment

4  on the pleadings and dismiss Plaintiff's claims with prejudice.

5  DATED: October 16, 2013              Respectfully submitted,

6                                       SEYFARTH SHAW LLP

7

8                                       By: /s/ Julie G. Yap
9                                          Jon D. Meer
                                           Brandon R. McKelvey
10                                         Julie G. Yap
                                        Attorneys for Defendants
11                                      C&S WHOLESALE GROCERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26  [3] While Plaintiff should be judicially estopped from pursuing his action based upon his continued failure to disclose
    it on any of his bankruptcy schedules over the period of over three years, Plaintiff also does not have standing to
27  bring this claim *on his own behalf*.  *See Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008) (holding that a
    Chapter 13 debtor had standing to file a claim "on behalf of the bankruptcy estate"); *see also Wilson v. Dollar Gen.*
28  *Corp.*, 717 F.3d 337, 343 (4th Cir. 2013) (same).

                                      13

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS

16307834v.2