UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY CAGLE, | No. 2:13-cv-02134-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| C&S WHOLESALE GROCERS INC., et al., | |
| Defendants. | |

Through this action, Plaintiff Casey Cagle ("Plaintiff") seeks relief from Defendants C&S Wholesale Grocers, Inc. ("C&S") and Tracy Logistics, LLC ("Tracy Logistics") (collectively "Defendants") for wage and hour violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Presently before the Court is Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c)[1] ("Motion"). Mot., Oct. 16, 2013, ECF No. 5. Plaintiff filed a timely opposition. Opp'n, Nov. 4, 2013, ECF No. 11. For the reasons set forth below, Defendants' Motion is GRANTED.[2]

///

---

[1] All further reference to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

1

# BACKGROUND

### A. Plaintiff's Claims[3]

Defendants employed Plaintiff as a warehouse supervisor at their Stockton Facility from September 2010 to May 2011. Plaintiff alleges both that he was hired by Defendants and misclassified as an "exempt" employee, and that he was paid on a salary basis, without any compensation for overtime hours worked, missed meal periods, or rest breaks.

Plaintiff further alleges that he worked over eight hours per day, and/or more than forty hours per week during the course of his employment with Defendants. Plaintiff also alleges that although Defendants knew or should have known that he was entitled to receive certain wages as overtime compensation, he did not receive such wages. Similarly, Plaintiff did not receive all rest and meal periods that he was entitled to receive, nor did he receive one additional hour of pay when he missed a meal period. Additionally, Plaintiff alleges that while Defendants knew or should have known that he was entitled to receive at least minimum wages as compensation, he was not compensated at a rate of at least minimum wage for all hours worked.

Plaintiff further alleges that he was entitled to timely payment of all wages during his employment and to timely payment of wages earned upon termination, but that he did not receive timely payment of these wages either during his employment or upon termination. Plaintiff likewise did not receive complete and accurate wage statements from Defendants, even though Defendants knew or should have known that Plaintiff and was entitled to these statements. Defendants also failed to keep complete and accurate payroll records. Finally, Plaintiff contends that Defendants falsely represented to him that the wage denials were proper, even though these wage denials were improper and served the purpose of increasing Defendants' profits.

---

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint and Defendants' Notice of Removal.

### B. Plaintiff's Bankruptcy Proceedings

On October 8, 2010, Plaintiff commenced Case Number 10-46860 in the United States Bankruptcy Court for the Eastern District of California, on behalf of himself and his wife Joanna Christine Cagle ("the Joint Debtor"). Plaintiff did not disclose this pending lawsuit on any of his bankruptcy schedules or in any of his filings, although Plaintiff was required to disclose "other contingent and unliquidated claims of every nature." On April 20, 2011, Plaintiff signed a declaration under penalty of perjury stating that "a lawsuit exists against C&S Wholesale Grocers, Inc. and Tracy Logistics LLC" and he "was specifically told that [he] could participate in the lawsuit."

On April 25, 2011, Plaintiff and the Joint Debtor filed Amended Schedules. They filed another Amended Schedule on September 13, 2011. Neither Amended Schedule disclosed Plaintiff's claims against Defendants. On January 30, 2012, in support of their Motion/ Application to Confirm the Chapter 13 Plan, Plaintiff and the Joint Debtor signed a declaration, under penalty of perjury, attesting that they had listed all of their assets in Schedule B.

Then, on May 9, 2012, an attorney for Plaintiff in this case requested documents from Defendant pursuant to the California Labor Code to investigate Plaintiff's potential claims for this case, which had not yet been filed on Plaintiff's behalf. This action was filed in state court on July 22, 2013. On August 30, 2012, Plaintiff and the Joint Debtor filed a Motion/Application to Modify Chapter 13 Plan. In support of the Motion, Plaintiff and the Joint Debtor signed another declaration under penalty of perjury, stating that they had listed all of their assets in Schedule B.

On April 26, 2013, the Chapter 13 Trustee filed a Notice of Default and Application to Dismiss based upon delinquent payments by Plaintiff and the Joint Debtor. On July 22, 2013, Plaintiff filed the Complaint in this case in Sacramento County Superior Court. On August 2, 2013, the Chapter 13 Trustee filed another Notice of Default and Application to Dismiss based on Plaintiff and the Joint Debtor's delinquent payments.

1  On September 16, 2013, Plaintiff formally served Defendant C&S with the Complaint in
2  this action.  Review of the bankruptcy docket shows Plaintiff's Plan was amended on
3  November 19, 2013, to include this case.

**STANDARD**

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial."  A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings.  See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party may move for judgment on the pleadings under Rule 12(c) after the pleadings are closed but within such time as to not delay trial.

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'"  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party."  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

///
///

Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**ANALYSIS**

In the bankruptcy context, a party is "judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2011). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Id. at 784 (citing Hay v. First Interstate Bank of Kalisepll, N.A., 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that all facts were not known to Desert Mountain at that time, but enough was known to require notification of the asset to the bankruptcy court."); In re Coastal Plains, 179 F.3d 197, 208 (5th Cir. 1999) ("[I]f the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed") (internal quotations omitted). Thus, "[a] plaintiff who fails to fulfill this duty to inform the bankruptcy court of his claims risks having those claims barred by judicial estoppel." Becker v. Wells Fargo Bank, N.A., 2012 WL 5187792 (E.D. Cal. Oct. 18, 2012). "The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim does exist." Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013).

///

///

1 In determining whether to apply judicial estoppel, courts employ a three part test:
2 (1) whether a party's later position is clearly inconsistent with its original position; (2)
3 whether the party has successfully persuaded the court of the earlier position; and (3)
4 whether allowing the inconsistent position would allow the party to derive an unfair
5 advantage or impose an unfair detriment to the opposing party. United States v.
6 Ibrahim, 522 F.3d 1003, 1009 (9th Cir. 2008).

7 Plaintiff does not dispute that the first two elements are met, but rather argues
8 that Plaintiff was not required to disclose his potential claims as a putative member of a
9 class action. However, Plaintiff provides no authority for this proposition, and Plaintiff is
10 proceeding in this action on his own behalf rather than as a part of the class. Plaintiff
11 also argues that Defendants fail to show that Plaintiff gained any advantage from his
12 non-disclosure. However, Plaintiff obtained the automatic stay by filing his bankruptcy
13 petition. The benefit of the automatic stay is a sufficient "unfair advantage" to satisfy the
14 third prong of the analysis. See Becker, 2012 WL 5187792 at *4 (citing 11 U.S.C.
15 § 362(a); Hamilton, 270 F.3d at 785 (finding unfair advantage where plaintiff enjoyed
16 "the benefit of both an automatic stay and a discharge of debt in his Chapter 7
17 bankruptcy proceedings"); HPG Corp. v. Aurora Loan Servs., LLC, 436 B.R. 569, 578
18 (E.D. Cal. 2010) (finding it sufficient for the application of judicial estoppel that plaintiffs
19 received the benefit of automatic stays although bankruptcy cases were dismissed). "In
20 doing so, [Plaintiff] 'sought bankruptcy protection while subverting the bankruptcy
21 process by nondisclosure." Becker, 2012 WL 5187792 at *4. Accordingly, the Court
22 finds that it is appropriate to invoke judicial estoppel to protect the integrity of the
23 bankruptcy process.

24 Finally, Plaintiff argues that his non-disclosure was inadvertent or mistaken
25 because Plaintiff did not realize he had an ongoing obligation to disclose claims. A
26 court is not "bound" to apply judicial estoppel, particularly when "a party's prior position
27 was based on inadvertence or mistake." Ah Quin, 733 F.3d at 272 (quoting New
28 Hampshire v. Maine, 532 U.S. 742, 753 (2001)).

The Ninth Circuit observed in Ah Quin that "[i]f Plaintiff's bankruptcy omission was mistaken, the application of judicial estoppel in this case would do nothing to protect the integrity of the courts, would enure to the benefit only of an alleged bad actor [the defendants in this case], and would eliminate any prospect that Plaintiff's unsecured creditors might have of recovering." 733 F.3d at 276. In Ah Quin, "the district court applied a 'narrow interpretation' of [the terms 'inadvertent or mistaken] and held that, because the plaintiff-debtor knew about the claim and had a motive to conceal it, the omission was not 'inadvertent or mistaken' *as a matter of law*." Dzakula v. McHugh, -- F.3d – , 2014 WL 128605, *1 (Jan. 15, 2014) (emphasis in original). The Ninth Circuit reversed, holding "that 'the ordinary understanding of mistake and inadvertence'—not the narrow interpretation applied by the district court—applies." Id. (citing Ah Quin, 733 F.3d at 277).

      Here, as in Ah Quin and Dzakula, Plaintiff filed false (i.e. materially incomplete) bankruptcy schedules and did not amend those scheduled until nearly a month after Defendants filed the instant motion, "suggesting [Plaintiff's] omission had not been inadvertent." Dzakula, 2014 WL 128605 at *2. Plaintiff filed a declaration stating that "the first time that I realized I personally had wage and hour claims against my employer was in July 2013," and "before today [November 3, 2013] I was not aware that I had an ongoing obligation to disclose my claims related to any litigation as an asset in my bankruptcy proceedings." ECF No. 11-1 at 2.

      First, the Court notes that Plaintiff's affidavit contains a total of three paragraphs, only two of which contain statements material to the issue at bar. The statements are completely conclusory and lack any sort of detailed factual support. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) (citing Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. One Parcel of Real Property, 904 F.2d 487, 492 n. 3 (9th Cir. 1990)).

1 Accordingly, the Court finds that this affidavit is not sufficient to create a genuine issue of
2 fact as to whether Plaintiff's failure to disclose his claims was the result of mistake or
3 inadvertence.
4       Furthermore, the statements contained in Plaintiff's affidavit are plainly
5 contradicted by the fact that Plaintiff signed a declaration under the penalty of perjury in
6 2011, acknowledging that he understood that he could participate in a current lawsuit
7 against his employer.  In Hamilton, the court specifically stated that it was "immaterial"
8 that the plaintiff did not file his action against the defendant "for one year after filing for
9 bankruptcy.  Judicial estoppel will be imposed when the debtor has knowledge of
10 enough facts to know that a potential cause of action exists during the pendency of the
11 bankruptcy, but fails to amend his schedules or disclosure statements to identify the
12 cause of action as a contingent asset."  270 F.3d at 784.  Here, there is no question that
13 Plaintiff had knowledge of the facts giving rise to the lawsuit as of April 2011.  Plaintiff
14 certainly had knowledge of his claims after he filed this case in July 2013, and Plaintiff
15 still did not amend his schedules or disclosure statements until November 2013.
16 Additionally, the fact that Plaintiff and the Joint Debtor filed multiple Amended
17 Schedules, as well as declarations signed under penalty of perjury attesting that Plaintiff
18 and the Joint Debtor had listed all of their assets in Schedule B, suggests that Plaintiff
19 did indeed know that he had a duty to disclose new claims.
20       The Court therefore finds that Plaintiff's claim of inadvertence or mistake is simply
21 not plausible, and there is no issue of fact as to whether Plaintiff's failure to disclose the
22 claims was the result of mistake or inadvertence.  Accordingly, Defendants' Motion is
23 granted.
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons just stated, Defendants' Motion for Judgment on the Pleadings, ECF No. 5, is GRANTED. The Clerk of the Court is hereby ordered to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: February 19, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT